COMMONWEALTH *v.* CHAMBRE.

*Computation of time.*

The computation of time must be by calendar months, in the exception (in the 10th section of the act of 1780, for the gradual abolition of slavery) of domestic slaves attending upon persons passing through, or sojourning in the state, &c., provided they be not retained therein longer than six months.

A *habeas corpus* was issued to the jailer of Philadelphia, to bring before Judge SHIPPEN, the bodies of Magdalen and Zare, two negro women, committed as the absconding slaves of Mrs. Chambrè. The judge, after hearing the case opened, adjourned it, for argument and decision, to the supreme court, on the 13th of September 1794, when the following facts appeared:

Mrs. Chambrè was a widow lady, in the island of St. Domingo, and owned the negroes in question as slaves: but on the conflagration at Cape François, she fled, bringing them with her to Philadelphia; where she resided five calendar months and three weeks; a period that exceeds six lunar months, in computation of time. She then removed with the negroes to Burlington, in the state of New Jersey, designing, as it was suggested, to avoid the operation of the act for the gradual abolition of slavery; but no proof was offered, that she had ever intended to settle in Pennsylvania. The negroes, absconding from Mrs. Chambrè, came to Philadelphia; and now they asserted their freedom, under the 10th section of the act, which declares all unregistered negroes and mulattoes to be free, " except (*inter alia*) the domestic slaves attending upon persons passing through or sojourning in this state, and not becoming resident therein : provided such domestic slaves be not aliened or sold to any inhabitant, nor retained in this state longer than six months." (1 Dall. Laws, 841.)

For the *negroes,* it was contended, that, upon authority, the general legislative expression, must be construed to mean lunar, and not calendar, months; for which were cited, 5 Co. 2 ; Cro. Jac. 167 ; 1 Str. 446 ; 2 Bl. Com. 141 ; 3 Burr. 1455 ; Doug. 446, 463. \*And that, even if the
**\*144]** computation by calendar months were more usual at common law, a different construction would be adopted in favor of liberty, and to prevent an evasion of the most honorable statute in the Pennsylvania code. Harg. Co. Litt. 145 *b.*

But THE COURT (stopping the counsel for Mrs. Chambrè) said, that

---

[1] It is now well settled, that mesne profits are recoverable in the ejectment suit, up to the time of the verdict. Duncan *v.* McGill, 4 Whart. 230. But the plaintiff must give previous notice of such claim. Cook *v.* Nicholas, 2 W. & S. 27 ; Bayard *v.* Inglis, 5 Id. 465.

they were unanimously of opinion, that the legislature intended calendar months;(a) that the same expression, in other acts of the general assembly, had uniformly received the same construction (*Brudenell* v. *Vaux*, 2 Dall. 302); that there was nothing illegal or improper in the conduct of Mrs. Chambrè, on the occasion; and that, therefore, the negroes must be remanded into her service.

*Lewis*, *Ingersoll* and *Franklin*, for the negroes. *M. Levy*, for Mrs. Chambrè.

---

<div align="center">

**\*SEPTEMBER TERM, 1795.**    [\*145

---

(a) Months are to be considered calendar, in all contracts or transactions between man and man, Shapley *v.* Garey, 6 S. & R. 539;[1] but where a sentence of imprisonment was recorded, for the space of one month, the prisoner was discharged at the expiration of a lunar month. Respublica *v.* Oswald, 1 Dall. 329, in note.

(b) During the trial, the counsel for the prisoner offered a negro slave as a witness in his favor; but, the attorney-general objecting to his competency, he was rejected, without argument: and it was said by MCKEAN, Chief Justice, that it was a settled point at common law, that a slave could not be a witness, because of the unbounded influence of his master over him; which was, at least, equal to duress; that the act of assembly was in aid of the common law, not to change its principles; and that it would be difficult to administer an oath to a slave, for want of knowing any religion he professed.

[1] Thomas *v.* Shoemaker, 6 W. & S. 179. The word "month," in a statute, means a calendar month. Moore *v.* Houston, 3 S. & R. 169.